
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHRISTOPHER MICHAEL EMTER,<br><br>Defendant/Movant. | Cause No. CR 14-089-BLG-SPW<br>CV 17-146-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Christopher Michael Emter's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Emter is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On September 4, 2014, a grand jury indicted Emter on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 1); and one count of possessing a stolen firearm, a violation of 18 U.S.C. § 922(j) (Count 2). Emter was writted out of state custody for purposes of the federal prosecution, to be returned to state custody when the prosecution concluded. *See* Writ (Doc. 12) at 1.

The federal indictment was based on the fruits of a search warrant executed at Emter's residence on February 14, 2013. On the same day, Emter was arrested for violating the terms of his state probation. A week after the search, a petition to revoke Emter's state probation was filed in Yellowstone County, and new charges were filed in Stillwater County. Under a deferred prosecution agreement, the Stillwater County charges were dismissed on August 29, 2014, 562 days after the search. The petition to revoke remained pending in Yellowstone County throughout the proceedings in Stillwater County and in this Court.

Emter chose to stand trial on the federal indictment. The Court dismissed

2

Count 2 before the case went to the jury. The jury convicted Emter on Count 1.

Sentencing was held on November 30, 2015, 452 days after the indictment was returned. Emter asked the Court to consider the total time he had already spent in custody. Acknowledging that the revocation petition remained pending in Yellowstone County, *see* Sentencing Tr. (Doc. 166) at 14:11-13; *see also* Presentence Report ¶ 49, the Court declined Emter's request for a downward variance, *see* Sentencing Tr. at 24:22-25:6. The Court also declined to require that the federal sentence run concurrent with any revocation sentence yet to be imposed. Emter was sentenced to serve 48 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 136) at 2-3.

About four months after the federal sentence was imposed, the state court revoked Emter's probation and ordered a sentence of 72 months to run consecutive to the federal prison term but concurrent with the federal term of supervised release. *See* Mot. § 2255 (Doc. 198) at 6. Emter also says the judge gave him credit against the state revocation sentence for time served in custody from February 14, 2013, which was the date of the search and Emter's arrest, until March 29, 2016, the date of the revocation sentencing, about 1,139 days. *See id.*; *see also* CONWeb, https://app.mt.gov/conweb (accessed Jan. 18, 2018).

Meanwhile, Emter appealed his federal conviction and sentence. Among other things, he argued that the Court mistakenly believed the Bureau of Prisons

3

would give him credit for time spent in custody after indictment and that it did not realize it could reduce the total sentence to account for credit not likely to be given. *See* Appellant Br. at 22-32, *Emter*, No. 15-30346 (9th Cir. filed July 5, 2016). The Ninth Circuit rejected his arguments and affirmed his conviction and sentence. *See* Mem. (Doc. 192) at 3, *United States v. Emter*, No. 15-30364 (9th Cir. Apr. 19, 2017) (unpublished mem. disp.).

Emter's conviction became final on October 2, 2017, when the Supreme Court denied his petition for writ of *certiorari*. *See* Clerk Letter (Doc. 195) at 1; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on October 30, 2017. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Analysis

Emter seeks a guarantee that his 48-month federal prison sentence will be reduced by all or at least some portion of the time he spent in custody from February 14, 2013, until November 30, 2015, when the federal sentence was imposed, and that his federal sentence will commence on November 30, 2015, the date of his sentencing. He also alleges that counsel was ineffective at sentencing because he failed to obtain this guarantee or persuade the Court to decree that the federal sentence should run concurrently with any sentence to be imposed on revocation of Emter's state probation.

The Court knew, at sentencing, that it had the authority to decree that Emter's federal sentence be executed concurrently or consecutively with any yet-to-be-imposed revocation sentence. *See Setser v. United States*, 566 U.S. 231, 244 (2012). It also knew of the existence of U.S.S.G. § 5G1.3(c) and (d). Even so, the Court decided that the Bureau of Prisons "will be the entity that is determining credit for time served." Sentencing Tr. (Doc. 166) at 25:5-6.

The federal sentence will commence when Emter "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* § 3585(a). But the Bureau of Prisons ("BOP") must "designate the place of the [federal] prisoner's imprisonment." 18 U.S.C. § 3621(b). In making this designation, the BOP considers "any statement by the court that imposed the sentence concerning the purposes for which the sentence . . . was determined to be warranted." 18 U.S.C. § 3621(b)(4)(A) (internal punctuation altered); *see also* Sentencing Tr. (Doc. 166) at 21:9-26:10 (stating reasons for sentence). "The BOP has interpreted this statute," 18 U.S.C. § 3621(b), "as authorizing it to issue a *nunc pro tunc* order designating a state prison as the facility for service of a federal sentence." *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010), *overruled on other grounds by Setser v. United States*, 566 U.S. 231, 244 (2012).

When the BOP calculates the federal sentence, Emter will have an

5

opportunity to ask that it retroactively designate his state facility (or facilities) as the place of his imprisonment for purposes of his federal sentence. The BOP may have other another option as well. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing Director of BOP to move for a sentence reduction). But it is and will continue to be the BOP's decision whether to grant Emter's requests and how to execute the federal sentence.

If, as Emter is now arguing to the Montana Supreme Court, the state court was required to impose a concurrent sentence, and if Emter is resentenced in state court, then the facts may change in ways that are not foreseeable at this time. This is one of the reasons it is sensible for the Bureau of Prisons to be responsible for determining how to execute the federal sentence.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Emter does not identify any respect in which counsel's performance was unreasonable or any other constitutional right he has been denied. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Emter's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 198) is DENIED.

2. Emter's motions for the appointment of counsel and for preliminary review (Docs. 200, 202) are MOOT.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Emter files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-146-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Emter.

DATED this 24th day of January, 2018.

*Susan P. Watters*
Susan P. Watters
United States District Court