

FILED

FEB 1 3 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CHRISTOPHER MICHAEL EMTER, Defendant/Movant. | Cause No. CR 14-89-BLG-SPW ORDER DENYING "CONTINUATION" OF RULE 60 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

The Court denied Defendant/Movant Christopher Michael Emter's motion under 28 U.S.C. § 2255 on January 24, 2018. A certificate of appealability was also denied. On February 5, 2018, Emter filed a motion under Federal Rule of Civil Procedure 60(b), asking the Court to reassess his claim in light of "newly discovered evidence." The Court denied that motion and a certificate of appealability on February 8, 2018.

On February 7, 2018, Emter penned a document titled "Continuation of Rule 60 Motion." In a superabundance of caution, the Court will assume he deposited the document in the prison mail system on that day. But the Court can only say, once again, that it intended to sentence Emter as it did. Emter insists that his case is the same as that of a defendant named Hitshew. But at the time Hitshew was sentenced, the Court was misinformed about how the Bureau of Prisons would

1

execute the sentence. This fact is clearly stated in the Order Emter purports to rely on. After reviewing the law governing execution of sentences, the Court said that, at Hitshew's sentencing hearing on March 19, 2015:

> None of these points were conveyed to the Court by defense counsel or by counsel for the United States. Legal error was fundamental to the Court's selection of the appropriate sentence. Because the lawyers said so, the Court fully believed it had the authority to 'back-date' Hitshew's federal sentence to December 7, 2012, that it was appropriate to do so, and that the Bureau of Prisons would execute that sentence.

Order (Doc. 65) at 6, *United States v. Hitshew*, No. CR 13-25-BLG-SPW (D. Mont. Dec. 29, 2015).

The Court learned from that case. It did not make the same mistake when Emter was sentenced on November 30, 2015.[1] In Hitshew's case, the Court thought it was correctly anticipating the manner of the federal sentence's execution, but it was not. In Emter's case, the Court correctly anticipated the manner of the federal sentence's execution. Legal error was not fundamental to the Court's selection of Emter's sentence.

Because Emter still asks the Court to reconsider his right to relief under § 2255, his continued Rule 60(b) motion is, in substance, a continued unauthorized

---

[1] The Court did not learn of the mistake on December 29, 2015; that is merely the date the *Hitshew* Order granting relief under 28 U.S.C. § 2255 was issued. The mistake was brought to the Court's attention by the Bureau of Prisons after Hitshew moved to amend the judgment. *See* Order (Doc. 51) at 1-2, *Hitshew*, No. CR 13-25-BLG-SPW (D. Mont. June 8, 2015). This was months before Emter was sentenced.

2

second or successive motion under § 2255. This Court lacks jurisdiction to consider it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). The discussion above is only an attempt to explain to Emter why his insistent reasoning is not persuasive.

A certificate of appealability is denied. Reasonable jurists would find that Emter's Rule 60(b) motion "attacks . . . the substance of the federal court's resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Further, in his original § 2255 motion, Emter did not identify any respect in which his counsel's performance was unreasonable or he was denied any other constitutional right. *See* Order (Doc. 203) at 7; 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED that Emter's "continued" motion under Federal Rule of Civil Procedure 60(b) (Doc. 208) is DENIED. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Emter files a Notice of Appeal of this Order.

DATED this 13th day of February, 2018.

Susan P. Watters
United States District Court

3